**Mary Ann HARRISON, Individually and as Next Friend of Suzanne Harrison**

v.

**TEXAS DEPARTMENT OF CORRECTIONS, Texas Board of Pardons & Paroles, Texas Board of Corrections, Lane McCotter, Raymond Procunier, W.J. Estelle, Shirley Jarred, Ken Schindley, and Jerry Parker.**

Civ. A. No. M–88–92–CA.

United States District Court,
E.D. Texas,
Marshall Division.

Sept. 14, 1988.

Louis B. Gohmert, Jr., Tyler, Tex., for plaintiff.

Jim Mattox, Atty. Gen. of Texas, Mary F. Keller, First Asst. Atty. Gen., Lou McCreary, Executive Asst. Atty. Gen., Michael P. Hodge, Ann Kraatz, Asst. Attys. Gen., Austin, Tex., for defendants.

## MEMORANDUM OPINION

HALL, District Judge.

This is an action for negligence and deprivation of civil rights brought by Mary Ann Harrison, individually and as next friend of her daughter, Suzanne Harrison, against the Texas Department of Corrections, the Texas Board of Pardons and Paroles, the Texas Board of Corrections, and certain individual parole officers and officers of the TDC. The State petition alleges that Jerry "Animal" McFadden, a former inmate at the TDC, beat, raped, and strangled Suzanne Harrison after McFadden's release from the facility under "mandatory supervision," that the defendants were negligent in several respects, and that such negligence ultimately caused the death of Suzanne Harrison. The complaint contains an alternative allegation that the acts and omissions of the Defendants constituted a denial of life and liberty in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. The case was removed to this forum on May 16, 1988, and the plaintiff thereafter filed a Motion to Remand. The plaintiff argues in essence that the case is based largely on a tort claim under Texas law, and that the issues presented should be addressed by Texas courts. The court is called upon to determine whether the presence of the state tort claim requires remand of the case.

The central removal statute creates a broad right of removal, and when requirements are met a defendant has the opportunity to substitute his choice of forum for the plaintiff's choice. *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 459 (5th Cir.1982); *see* 28 U.S.C.A. § 1441 (West 1973 & Supp.1988). The statute provides in part for removal jurisdiction in "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, trea-

ties or laws of the United States...." *Id.* § 1441(b) (West 1973). The plaintiff's civil rights claim arises under the Constitution and laws of the United States, and accordingly such a claim, if sued upon alone, would be removable under Section 1441(b). In addition, a nonfederal claim within the pendent jurisdiction of the court is removable under section 1441(b). 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3724 (2d ed. 1985).

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed. 2d 218 (1966), the Supreme Court described the power of federal courts to exercise pendent jurisdiction over state law claims:

> Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim "arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority ...," U.S. Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court.... The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

*Id.* at 725, 86 S.Ct. at 1138 (emphasis original) (footnotes omitted).[1] A determination that judicial power exists to adjudicate a state law claim does not end the inquiry; pendent jurisdiction stands as a doctrine of discretion, and not of plaintiff's right. *Aldinger v. Howard*, 427 U.S. 1, 9, 96 S.Ct. 2413, 2418, 49 L.Ed.2d 276 (1976); *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. The Court admonishes that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.* This instruction carries particular force when resolution of the state claims is difficult under existing law and state law remains unsettled. *Moor v. County of Alameda*, 411 U.S. 693, 716, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973). Another factor is the degree to which state issues dominate the action. *Gibbs*, 383 U.S. at 726–27, 86 S.Ct. at 1139–40; *Laird v. Board of Trustees of the Institutions of Higher Learning*, 721 F.2d 529, 534 (5th Cir.1983).

■ There is little doubt that this action presents one constitutional "case" and that this court has judicial power to adjudicate the plaintiff's state law claims. Under the guidance provided by *Gibbs*, however, adjudication of these pendent claims would amount to an inappropriate exercise of the Court's power. The petition filed in state court constitutes largely a tort action under unsettled state law.[2] The petition contains extensive allegations that the defendants negligently carried out policies for awarding "good time" for inmates, negligently maintained facilities, failed to maintain sufficient psychological information on McFadden, failed to follow established policies regarding supervision of released inmates, failed to monitor parole officers, and failed to prescribe rules and regulations governing rehabilitation and discipline of prisoners. The liability and potential immunity of the state entities and officers is uncertain under Texas law, and these

---

1. The plaintiff does not argue that the civil rights claim does not have "substance sufficient to confer subject matter jurisdiction." *See Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062 (1933). The plaintiff does state, however, that "the federal claim is not substantial, particularly when compared to the state claim....," and indicates a willingness to dismiss the civil rights claim if doing so would facilitate remand. The Fifth Circuit, however, has stated that "the plaintiff cannot rob the district court of subject matter jurisdiction by electing to amend away the grounds for federal jurisdiction." *In re Carter*, 618 F.2d 1093, 1101 (5th Cir.1980), *cert. denied*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981).

2. *See supra* note 1.

issues should first be tested and resolved by Texas courts. *See Martinez v. California,* 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); *Laird,* 721 F.2d at 534–35. In addition, because it appears that "state issues substantially predominate ... in terms of proof ... [and] the scope of the issues raised," *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139, the plaintiff's claims are better left to the state tribunals. The Court therefore declines to exercise its power of pendent jurisdiction over the state law claims, and accordingly section 1441(b) does not provide the defendants with a basis for removal.

■ The removal statute provides a second possible basis for removal of this action:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C.A. § 1441(c) (West 1973). As noted above, this Court would have removal jurisdiction of the civil rights claim if that claim were sued upon alone; removal jurisdiction under § 1441(c) is therefore present only if the federal claims are "separate and independent" from the nonfederal claims. The Supreme Court has understood § 1441(c) to mean that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). In her petition the plaintiff asserts that the acts and omissions which form the basis of her tort claim also form the basis of her civil rights claim. It is also clear from the petition that the "single wrong" complained of is the plaintiff's loss of her daughter. The federal claim is therefore not "separate and independent" from the nonfederal claim, and § 1441(c) does not provide the defendants with a basis for removal.

Ordinarily, a district court may not remand a properly removed case for discretionary reasons not authorized by the controlling statute. *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 345 n. 9, 96 S.Ct. 584, 590 n. 9, 46 L.Ed.2d 542 (1976). Because remand in the present case is authorized neither by § 1441(c) nor § 1447(c), this rule would require dismissal of the pendent claims rather than remand of the entire action. The Supreme Court, however, has stated that

> a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate. The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.

*Carnegie–Mellon Univ. v. Cohill,* —— U.S. ——, 108 S.Ct. 614, 622, 98 L.Ed.2d 720 (1988). The principles of economy and fairness are far better served in the present action by remanding the entire case than dismissing the predominating state law claims. State and federal courts have concurrent jurisdiction over actions brought under § 1983. *Arkansas Writers' Project, Inc. v. Ragland,* 481 U.S. 221, 107 S.Ct. 1722, 1730, 95 L.Ed.2d 209 (1987); *Adams v. Myers,* 721 S.W.2d 447, 449 (Tex.App.—Tyler 1986), *aff'd in part and rev'd in part on other grounds,* 728 S.W.2d 771 (Tex.1987). On remand the state court will therefore be empowered to address the entire action.

For the reasons set forth above, the Court is of the opinion that the Motion to Remand should be granted.

Ordered accordingly.