**ADMINISTAFF, INC., Plaintiff,**

v.

**James KASTER, Mary Scott Nabers and Charles Haddock, Defendants.**

**Civ. A. No. A–91–CA–805.**

United States District Court,
W.D. Texas,
Austin Division.

July 22, 1992.

**686**

John H. Spurgin, McGinnis, Lochridge & Kilgore, Austin, Tex., for plaintiff.

Kathlyn C. Wilson, Atty. Gen., Susan F. Ely, Asst. Atty. Gen., Tax Div., Austin, Tex., for defendants.

## ORDER

SPARKS, District Judge.

Before the Court are Plaintiff's Motion for Remand, filed November 8, 1991, and Defendant's Motion for More Definite Statement, filed October 16, 1991. Upon review of those motions, as well as the entire file in this case, the Court finds the Motion for Remand has merit and should be granted.

### I. Procedural History

Plaintiff originally filed this action on October 3, 1991, in the 200th District Court of Travis County, Texas, alleging state and federal claims. On October 11, 1991, Defendants removed the action pursuant to 28 U.S.C. § 1441(c) alleging this Court's juris-diction under 28 U.S.C. §§ 1331 and 1343. On October 16, 1991, Defendants filed a Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) in an effort to compel Plaintiff to clarify its constitutional claims. On November 8, 1991, Plaintiff filed a motion to remand the case pursuant to 28 U.S.C. § 1447(c), arguing that based on the doctrine of abstention and 28 U.S.C. § 1441(c), this Court should decline to exercise its supplemental jurisdiction over Plaintiff's state law claims and remand the entire case back to state court.

### II. Defendants' Motion for More Definite Statement

As a preliminary matter, the Court has considered Defendants' Motion for More Definite Statement. After reviewing Plaintiff's complaint and Defendant's Motion, the Court finds that Defendant's Motion for More Definite Statement lacks merit and should be denied.

### III. Plaintiff's Motion for Remand

Plaintiff seeks a remand in this case because its state claims predominate, there exist novel issues of state law, and resolution of the state law claims may make a determination of the federal constitutional claims unnecessary. Having carefully reviewed Plaintiff's original complaint, the Court finds that Plaintiff is correct.

Plaintiff's state law claims clearly predominate. The crux of Plaintiff's claim is that the Defendants have improperly refused to consider Plaintiff (a staff leasing company) an employer under the Texas Unemployment Compensation Act ("TUCA"), which requires employers to make contributions, and instead consider Plaintiff's clients to be the employers. According to Plaintiff this conduct by Defendants (1) amounts to a breach of a settlement agreement stemming from another lawsuit concerning employee leasing; (2) is outside the statutory authority of TUCA and has interfered with Plaintiff's contractual relationships with clients and employees; and (3) denies Plaintiff equal protection and due process of law and interferes with Plaintiff's constitutional right to enter into contracts in violation of 42 U.S.C. § 1983.

This case is one of first impression presenting a novel issue of state law, resolution

of which may make a determination of Plaintiff's constitutional claims unnecessary. No Texas court has ruled on the question of whether staff leasing companies or their clients are considered to be employers for purposes of TUCA. The issue is significant as the answer determines who bears the burden of making contributions under TUCA for the state's unemployment benefits program. A ruling against Plaintiff, finding that Defendants have not violated state law and are correct in finding that Plaintiff is not an employer under TUCA, could not only have a significant impact on Plaintiff and other staff leasing companies, but may make a ruling on Plaintiff's constitutional claims unnecessary.

Thus, pursuant to 28 U.S.C. § 1447(c), Plaintiff asserts that this Court should remand the entire case based on the doctrine of abstention and 28 U.S.C. § 1441(c), and because a partial remand would contravene the principles of judicial economy, convenience and fairness espoused in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).[1] Plaintiff is partially correct. Remand is appropriate based on the Court's discretion to remand under *Carnegie–Mellon University v. Cohill*[2] and *United Mine Workers of America v. Gibbs* and the doctrine of abstention, but not under 28 U.S.C. § 1441(c) or 28 U.S.C. § 1447(c).

### A. *28 U.S.C. § 1441(c) Does Not Apply*

■ Plaintiff maintains that 28 U.S.C. § 1441(c), as amended in 1990, authorizes

remand of this case because "state law predominates." *See* 28 U.S.C. § 1441(c).[3] At first glance, this section seems directly on point. However, the Supreme Court has made clear that Section 1441(c) was intended to allow a district court to hear or remand cases involving "separate and independent" claims or causes of action that are otherwise nonremovable *and* which have *not* been found to be pendent to the plaintiff's federal claims.

In *Carnegie–Mellon University v. Cohill*,[4] the Supreme Court recognized the distinction between "separate and independent" claims removable under Section 1441(c) and pendent claims removable under Section 1441(a) and (b) when it stated that Section 1441(c) "is not directly applicable to suits involving pendent claims, because pendent claims are not 'separate and independent' within the meaning of the removal statute. Section[ ] 1441(c) ... do[es] not apply to cases over which a federal court has pendent jurisdiction."[5] *Cohill*, 484 U.S. at 354, 355 n. 11, 108 S.Ct. at 621, 621 n. 11; *see also American Fire & Casualty Ins. Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951) ("where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)"). A district court has pendent jurisdiction over state law claims "whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact'

---

**1.** Because state courts have concurrent jurisdiction over constitutional claims brought under § 1983, the state district court in which Plaintiff chose to file its complaint may hear all of Plaintiff's claims. *See Howlett v. Rose*, 496 U.S. 356, 110 S.Ct. 2430, 2444, 110 L.Ed.2d 332 (1990); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989); *Maine v. Thiboutot*, 448 U.S. 1, 10–11, 100 S.Ct. 2502, 2507–08, 65 L.Ed.2d 555 (1980).

**2.** 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

**3.** Section 1441(c) reads, in full:

Whenever a separate and independent claim or cause of action within the jurisdiction con-

ferred by section 1331 of this title, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, *in its discretion, may remand all matters in which state law predominates.*

28 U.S.C. § 1441(c) (emphasis added).

**4.** 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

**5.** Nonetheless, as will be discussed later, the Court did say that, although not directly applicable, Section 1441(c) did support a district court's authority to remand in cases involving pendent state law claims. *Id.* at 355, 108 S.Ct. at 621.

and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Id.* 484 U.S. at 349, 108 S.Ct. at 618 (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)).

This Court has pendent jurisdiction over Plaintiff's state law claims. All of Plaintiff's claims are based on a "common nucleus of operative fact", Defendants' refusal to recognize Plaintiff as an employer under TUCA. Because Plaintiff will be required to prove the same evidence for all of its claims against Defendant, one would certainly expect to try all of the claims in one proceeding.[6] Thus, Section 1441(c) does not authorize removal or remand. *See id.; see also Moore v. DeBiase*, 766 F.Supp. 1311, 1317 (D.N.J.1991) (where claims were not separate and independent because there was a single wrong arising from an interlocked series of transactions, the case was not removable under Section 1441(c)); *Harrison v. Texas Dept. of Corrections*, 694 F.Supp. 226, 229 (E.D.Tex.1988) (in case where conduct forming basis of plaintiff's state law claim also formed basis of plaintiff's federal claims, there were not "separate and independent" claims and remand under Section 1441(c) was not authorized).

**B.** *28 U.S.C. § 1447(c) Does Not Apply*

■ Because this Court has subject matter jurisdiction over the case and removal was proper under Section 1441(a) and (b), remand for lack of jurisdiction under Section 1447(c) is unavailable. *See Cohill*, 484 U.S. at 355 n. 11, 108 S.Ct. at 621 n. 11 ("Sections 1441(c) and 1447(c) ... do not apply to cases over which a federal court has pendent jurisdiction."); *see also Harrison v. Texas Dept. of Corrections*, 694 F.Supp. 226, 229 (E.D.Tex.1988). Furthermore, although Defendants improperly based removal on Section 1441(c), that is

not enough to authorize remand as motions to remand based on technical defects must be filed within thirty days of the filing of notice of removal, which Plaintiff did not do. *See* 28 U.S.C. § 1447(c).

**C.** *Court's Discretion to Remand Case Involving Pendent Claims*

■ While this Court may not remand based either on Section 1441(c) or Section 1447(c), it does have discretion, under 42 U.S.C. § 1367(c)(1) and (2) and under *Carnegie–Mellon University v. Cohill*, to remand a case involving pendent claims which raise novel or complex issues of state law or which predominate over federal claims. Section 1367 was implemented in 1990 and codifies the case-law doctrines of "pendent" and "ancillary" jurisdiction. D. Siegel, "Practice Commentary," 28 U.S.C. § 1367 (West 1992 Supp.). While Section 1367 does not specifically address remand, it does state that a district court "may decline to exercise supplemental jurisdiction over a claim ... if (1) the claim raises a novel or complex issue of State law [or] (2) the [state law] claim substantially predominates over the claim or claims over which the district court has original jurisdiction ...," both of which are true in this case. *See* 28 U.S.C. § 1367(c) (West 1992 Supp.). Read in light of the Supreme Court's expansion of its foremost case on pendent jurisdiction, *United Mine Workers of America v. Gibbs*, to allow remand of pendent claims as well as dismissal when a "case properly belongs in state court," Section 1367(c) authorizes a district court to remand a case whenever it may decline to exercise supplemental jurisdiction over a state claim under Section 1367(c).

In *Cohill*, the Supreme Court determined that a district court could remand a "removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate" despite the lack of specific statutory

---

**6.** Defendants maintain that because their state of mind is at issue in Plaintiff's Section 1983 claims, those claims may be decided without reliance on the determination of Plaintiff's state law claims. That is simply not true; the proof required to substantiate Plaintiff's state law claims is also necessary to prove Plaintiff's Section 1983 claims. The state of mind evidence is simply in addition to, not in place of, the underlying conduct forming the basis of all of Plaintiff's claims.

authority to do so as in cases covered by 28 U.S.C. § 1441(c) or § 1447(c). *Cohill*, 484 U.S. at 353–355, 357, 108 S.Ct. at 620–21, 623. In that case the plaintiff, having decided it was untenable, dropped her federal claim after the case had been removed and requested a remand, which the district court granted and the Supreme Court upheld. The case is not so limited, though. Construing its earlier case *Gibbs*, the Court emphasized that a court has discretion to remand in cases where it best serves the "principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Id.* at 350, 353, 357, 108 S.Ct. at 619, 620, 623. It further specifically stated that "[t]he Court in *Gibbs* indicated that these factors usually will favor a decision to relinquish jurisdiction when 'state issues substantially predominate....'" *Id.* at 350 n. 7, 108 S.Ct. at 619.

The Court also found support for a district court's discretion to remand in Section 1441(c), although it held that section did not apply to cases involving pendent jurisdiction. *See id.* at 354–55, 108 S.Ct. at 621. Because Section 1441(c) authorized remand of independently nonremovable claims,[7] the Court stated that it "clearly manifests a belief that when a court has discretionary jurisdiction over a removed state-law claim

and the court chooses not to exercise its jurisdiction, remand is an appropriate alternative." *Id.* Now that Section 1441(c) authorizes remand of an entire case, and not just the pendent state claims,[8] it lends even stronger support to the authority of a court to remand an entire case when a court could otherwise decline to exercise supplemental jurisdiction under *Cohill* or Section 1367(c) where, as in this case, state law claims predominate and novel issues of state law are involved. *See* 28 U.S.C. §§ 1367(c)(1), (2), 1441(c).[9]

Nor is this the first district court to remand a case involving pendent jurisdiction where, unlike in *Cohill*, there were existing federal law claims at the time of remand. In *Harrison v. Texas Department of Corrections*, a district court in Texas remanded a case in which pendent state claims were predominate and there were state issues "uncertain under Texas law, [which] should first be tested and resolved by Texas courts." *Harrison*, 694 F.Supp. at 228–29. Interpreting *Cohill*, the court found that the principles of economy and fairness were better served by remanding the entire case instead of dismissing (or remanding) only the state law claims. *Id.* at 229.

7. Section 1441(c) had not yet been amended to authorize remand of "all matters in which state law predominates", but rather only authorized remand of "all matters not otherwise within its original jurisdiction." *See* 28 U.S.C. § 1441(c) (West 1992 Supp.); 28 U.S.C. § 1441(c) (West 1973).

8. *See* n. 7, *supra*.

9. Plaintiffs cited a number of cases in which a district court remanded an entire case based on Section 1441(c). Some involved cases involving "separate and independent" claims properly removable and remandable under Section 1441(c). *See e.g., Moralez v. Meat Cutters Local 539*, 778 F.Supp. 368, 370–71 (W.D.Mich.1991); *Alexander by Alexander v. Goldome Credit Corp.*, 772 F.Supp. 1217, 1225 (M.D.Ala.1991). Some, however, involved cases where the plaintiff's state claims were pendent to his or her's federal claims, not "separate and independent", but the court nonetheless remanded on the basis of Section 1441(c). *See e.g., Moore v. DeBiase*, 766 F.Supp. 1311, 1315, 1321 (D.N.J.1991); *Holland v. World Omni Leasing, Inc.*, 764 F.Supp. 1442,

1444–45 (N.D.Ala.1991); *Martin v. Drummond Coal Co., Inc.*, 756 F.Supp. 524, 527 (N.D.Ala. 1991). In these latter cases, the courts generally found that remand of the entire matter was "even more compelling" where the federal claims were "factually tied to all of the state law claims." *See Moore*, 766 F.Supp. at 1321; *see also Holland*, 764 F.Supp. at 1444 (Plaintiff's federal claim was "so intertwined with, and so indistinguishable from, the[ ] state law claims as to be very difficult, if not impossible, to treat separately"); *Martin*, 756 F.Supp. at 527 (Where the federal claim was so "inexorably tied to the state claim", "[i]t would probably constitute an abuse of discretion *not* to remand the case.") (emphasis in original).

While the Court agrees with the underlying reasoning in those cases—the difficulty and waste of splitting up federal and state law claims factually tied together—it nonetheless will not, for reasons already stated, remand under Section 1441(c). However, these cases do further support this Court's finding that remand is proper when state law claims predominate in actions involving pendent jurisdiction.

Similarly, in *Oyler v. City and County of Denver*,[10] a district court in Colorado held that although "the federal law claims ha[d] not been disposed of, the holding of Carnegie–Mellon still applie[d]." *Oyler*, 1990 WL 134485, at *4. As in this case and in *Harrison*, state law claims were pendent to, not separate and independent from, federal law claims, and the state claims predominated. Rather than divide the case up or dismiss some of plaintiff's claims, the court determined that, "in the spirit of judicial economy and comity", it should remand the entire case. *Id.* at *4–5.

■ In light of the case law discussed above, several factors support this Court's decision to remand this case to the 200th District Court of Travis County, Texas. Plaintiff's state law claims predominate as the Plaintiff's primary complaint, and basis for this lawsuit, is the Defendants' failure to consider Plaintiff an employer for the purposes of the TUCA, a Texas law. Whether Plaintiff is an employer under TUCA is a novel issue in which the Texas courts have a substantially greater interest than this Court. All of Plaintiff's claims may be heard in the state court, which has concurrent jurisdiction over Plaintiff's Section 1983 claims. Splitting up the case would be a waste of judicial resources and of the parties' time and money. Federal and state claims "inexorably tied together" are best left together. Therefore, in the interest of economy, convenience, and fairness, this Court remands this case under 28 U.S.C. § 1367 and *Carnegie–Mellon University v. Cohill*.

### D. *Remand is Also Appropriate Under the Doctrine of Abstention* [11]

■ The *Pullman* doctrine of abstention, as it has become known, authorizes abstention when a constitutional ruling can be avoided by a determination of state law, which has not yet been made by a state court. *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 498–500, 61 S.Ct. 643, 644–45, 85 L.Ed. 971 (1941). In such a situation, a ruling by the federal court is nothing but a forecast as the state's supreme court is the ultimate authority and is not bound by the federal court's ruling on the state law issue. *Id.* at 499–500, 61 S.Ct. at 645. Furthermore, if a contrary decision by the state court would obviate the need for a constitutional ruling, the federal court's ruling may turn out to be a waste of judicial resources. *Id.* at 500, 61 S.Ct. at 645.

■ In this case a ruling that Plaintiff is not an employer under TUCA will in all likelihood destroy Plaintiff's constitutional claims as Plaintiff bases its constitutional claims on the Defendants' alleged violation of the settlement agreement and actions outside their statutory authority. If Defendants have not breached the settlement agreement and were acting within the scope of their authority under TUCA, their Section 1983 claims, as put by the Plaintiff, "may be weakened," to say the least. Thus, because a determination of Plaintiff's state law claims by a Texas state court may make a constitutional ruling unnecessary, this Court will also remand under the doctrine of *Pullman* abstention.[12]

### IV. Conclusion

Based on the above opinion, the Court will remand this case. In addition, because Defendants' removal of this case was not "frivolous" or "improvident", the Court declines to award Plaintiff its costs or attorneys' fees incurred as a result of its removal of this case. *See Penrod Drilling Corp. v. Granite State Ins. Co.*, 764 F.Supp.

---

**10.** 1990 WL 134485 (Sept. 13, 1990).

**11.** Subsections (1) and (2) of Section 1367(c), predominate state law claims and novel issues of state law, overlap with abstention doctrines according to David Siegel's Practice Commentary on Section 1367. D. Siegel, "Practice Commentary", 28 U.S.C. § 1367(c). Nonetheless, the Court will also address remand based on the doctrine of abstention.

**12.** Although an abstaining court typically dismisses or stays a case, as stated by the Supreme Court in *Cohill*, "remand of a removed case ... will better accommodate the[ ] [values of economy, convenience, fairness, and comity] than will dismissal of the case...." *Cohill*, 484 U.S. at 350, 108 S.Ct. at 619.

1146, 1147 (S.D.Tex.1990); *Lewis v. Travelers Ins. Co.*, 749 F.Supp. 556, 558 (S.D.N.Y. 1990). Thus, the Court enters the following orders:

IT IS ORDERED that Defendants' Motion for More Definite Statement is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Remand is GRANTED and the above-styled cause is REMANDED to the 200th District Court of Travis County, Texas from which it was removed.

IT IS FURTHER ORDERED that Plaintiff's request for costs and attorney's fees incurred as a result of the removal of this case is DENIED.