**TEXAS HOSPITAL ASSN.,**
**et al., Plaintiffs,**

v.

**NATIONAL HERITAGE INSURANCE COMPANY, Texas Department of Human Services, and Burton F. Raiford, Interim Commissioner, Texas Department of Human Services, Defendants.**

**No. A–91–CA–101.**

United States District Court,
W.D. Texas,
Austin Division.

Aug. 4, 1992.

C. Dean Davis, Davis & Davis, P.C., Austin, Tex., David A. Bennett, Darryl S. Vhugen, Sanford E. Pitler, James M. Beaulaurier, Bennett & Bigelow, Seattle, Wash., for plaintiffs.

Edwin N. Horne, Asst. Atty. Gen., H. Robert Powell, Hughes & Luce, Tom Luce, Harold R. Loftin, Jr., Hughes & Luce, Austin, Tex., J. Thomas Scott, Elec. Data Systems Corp., Dallas, Tex., for defendant Nat. Heritage Ins. Co.

· Edwin N. Horne, Austin, Tex., Phyllis D. Thompson, Vicki J. Larson, Steven A. Maddox, Jonathan T. Foot, Covington & Burling, Washington, D.C., William T. O'Neil, for defendant Texas Dept. of Human Services.

Edwin N. Horne, Austin Tex., for defendant Burton F. Raiford.

## MEMORANDUM OPINION AND ORDER

SPARKS, District Judge.

Before the Court are Plaintiffs' Motion to Remand State Law Claims and Claims For Monetary Damages, brought pursuant

to 28 U.S.C. § 1447(c), and the Defendants' Motions for Summary Judgment and to Dismiss. On July 9, 1992, the Court held a motions hearing at which the parties appeared by and through their counsel of record. After listening to counsel's arguments and reviewing the parties' multiple briefs, the Court determines Plaintiffs' claims, except the claim for prospective injunctive relief against Defendant Burton F. Raiford, Interim Commissioner of the Texas Department of Human Services, should be remanded to the 331st District Court of Travis County, Texas.

## I. PROCEDURAL HISTORY

On January 24, 1991, Plaintiffs—the Texas Hospital Association ("THA") and several individual Texas hospitals—filed this action in the 331st District Court of Travis County, Texas, against the Texas Department of Human Services ("TDHS") and National Heritage Insurance Company ("NHIC").[1] Plaintiffs challenge the State of Texas' procedures for reimbursing Texas hospitals for the costs of treating Medicaid patients. Primarily, Plaintiffs claim that the reimbursements have not been "reasonable and adequate to meet the costs which must be incurred by efficiently and economically operated facilities," as required by the Boren Amendment to the Medicaid Act. 42 U.S.C. § 1396a(a)(13)(A). Plaintiffs also claim that the State's method of reimbursing violates similar provisions in the Texas Human Resources Code and 42 U.S.C. § 1983. See Tex.Hum.Res. Code Ann. §§ 32.021, 32.024(i), (j), 32.028(d); 42 U.S.C. § 1983. The plaintiffs seek declaratory relief, prospective and retroactive injunctive relief, reasonable costs, and attorneys fees.

On February 6, 1991, Defendant TDHS filed a Notice of Removal pursuant to 28 U.S.C. § 1441(c), based on federal jurisdiction under 28 U.S.C. §§ 1331 and 1343. On January 8, 1992, this Court "inherited" this case along with approximately 300 other pending civil cases. Defendant TDHS filed a Motion to Dismiss and For Partial Summary Judgment on March 16, 1992, seeking dismissal of Plaintiffs' state law claims and claims for monetary damages (retroactive injunctive relief) due to its sovereign immunity under the Eleventh Amendment. Defendant NHIC filed a similar Motion For Summary Judgment or Dismissal on March 31, 1992, arguing that it was entitled to the same immunity as Defendant TDHS because it is an "arm of the state."

On April 3, 1992, Plaintiffs filed a Motion to Remand State Law Claims and Claims for Monetary Damages pursuant to 28 U.S.C. § 1447(c) "and the controlling Fifth Circuit precedent." The plaintiffs also filed a Motion to Stay on April 28, 1992, in an effort to have this Court rule on its Motion to Remand before ruling on any of the defendants' motions. Both sides submitted multiple briefs, memorandums, and responses on the subject of remand in addition to their briefs on the other motions.

In their briefs in support of their Motion to Remand, Plaintiffs assert that partial remand of their state law claims and claims for monetary damages pursuant to 28 U.S.C. § 1447(c) is proper where those claims no longer come under the jurisdiction of this Court by operation of the sovereign immunity of the Eleventh Amendment.[2] In the alternative, Plaintiffs contend that this entire matter may be remanded under 28 U.S.C. § 1441(c) or 28 U.S.C. § 1367.

---

**1.** Plaintiffs filed a First Amended Complaint in this Court on October 31, 1991, in which they joined another hospital as an additional party plaintiff and joined Burton F. Raiford, Interim Commissioner, Texas Department of Human Services, ("the Commissioner") as an additional party defendant. Although the Amended Complaint was filed after the case was removed, in their Original Complaint Plaintiffs sought injunctive relief against the Commissioner of TDHS, and both Defendants have treated Plaintiffs' failure to name the Commissioner in the

Original Complaint as a mistake of form only and have responded to the Original Complaint as though the Commissioner had originally been named therein. Therefore, this Court will also treat the Commissioner as an original Defendant.

**2.** 28 U.S.C. § 1441(c) provides in part:

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

The defendants filed numerous responses to Plaintiffs' motion. Defendants TDHS and Interim Commissioner Raiford (the "state defendants") assert that initial removal was proper because this Court has original jurisdiction over at least one of Plaintiffs' claims: the prospective injunctive relief sought against the Commissioner. Though the state defendants now admit that removal pursuant to section 1441(c) was incorrect, they argue that such a "technical" defect is no longer subject to attack and that section 1441(b) provides this Court with proper removal jurisdiction. The state defendants also argue that partial remand is impossible, that sections 1441(c) and 1367 are not applicable to this situation, and that the plaintiffs' state law claims and claims for monetary damages should be dismissed instead of remanded due to the defendants' immunity under the Eleventh Amendment. Defendant NHIC (the "private defendant") joins with the state defendants in asserting that partial remand is improper and that this Court has jurisdiction over Plaintiffs' claims for prospective injunctive relief.

## II.  REMOVAL

### A.  Removal Under Section 1441(c)

■ Defendants initially removed this action pursuant to 28 U.S.C. § 1441(c).[3] Section 1441(c) provides for the removal of a claim joined to a non-removable claim if the former is "separate and independent" from the latter. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 354, 108 S.Ct. 614, 621, 98 L.Ed.2d 720 (1988); *McKay v. Boyd Construction Co.*, 769 F.2d 1084, 1087 (5th Cir.1985). Where a plaintiff's multiple claims are not separable, a defendant may not remove the action to federal court under section 1441(c). *Cohill*, 484 U.S. at 355 n. 11, 108 S.Ct. at 621 n. 11; *McKay*, 769 F.2d at 1087–1088; *Simmons v. State of California*, 740 F.Supp. 781, 789 (E.D.Cal. 1990). The crucial determination under

section 1441(c) thus becomes whether separate and independent causes of action are stated. *See id.*

In *American Fire & Casualty Insurance Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951), the Supreme Court stated that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under section 1441(c)." Although Plaintiffs in this case allege violations of both federal and state laws, their claims all arise out of the same basic transaction, the allegedly improper reimbursements, and involve a single wrong, alleged financial hardship to Plaintiffs. Thus, both removal and remand under section 1441(c) are improper in this case. *See Cohill*, 484 U.S. at 349, 108 S.Ct. at 618; *see also Moore v. DeBiase*, 766 F.Supp. 1311, 1317 (D.N.J.1991) (where claims were not separate and independent because there was a single wrong arising from an interlocked series of transactions, the case was not removable under Section 1441(c)); *Harrison v. Texas Dept. of Corrections*, 694 F.Supp. 226, 229 (E.D.Tex. 1988) (in case where conduct forming basis of plaintiff's state law claim also formed basis of plaintiff's federal claims, there were not "separate and independent" claims and remand under Section 1441(c) was not authorized).

### B.  Removal Under Section 1441(b)

■ Defendants now admit that section 1441(c) was not the proper statute for removal of this case because the state and federal claims are not separate and independent. *See Defendant NHIC's Response to Plaintiffs' Motion to Remand*, p. 6, n. 2; *State Defendants' Further Response to Plaintiffs' Motion to Remand*, pp. 1–4. However, they correctly note that Plaintiffs have waived their right to assert a procedural challenge against Defendants' removal based on that defect and argue

---

**3.**  28 U.S.C. 1441(c) reads as follows:
Whenever a *separate* and *independent* claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable

claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates. (emphasis added).

that removal was proper under 28 U.S.C. § 1441(b). *See* 28 U.S.C. § 1447(a), (b), (c) (procedural challenges must be made within thirty days of the filing of the notice of removal); *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir.1983). *Simmons v. State of California,* 740 F.Supp. at 784; *Alexander v. Goldome Credit Corp.,* 772 F.Supp. at 1219 n. 3. Together with Section 1441(a), Section 1441(b) permits removal of "any *civil action* brought in a State court of which the district courts of the United States have original jurisdiction ... founded on a claim or right arising under the Constitution, treaties, or laws of the United States." [4] 28 U.S.C. § 1441(a), (b) (emphasis added); *see also Alexander,* 772 F.Supp. at 1219 n. 3. Otherwise nonremovable pendent state claims may then be heard by the federal court under 28 U.S.C. § 1367 ("supplemental" jurisdiction). 28 U.S.C. § 1367 (West 1992 Supp.). Under Section 1441(a) and (b), the key requirement for removal is that the "civil action" be within the federal court's original jurisdiction. *Id.* at 1220.

### C. *Eleventh Amendment Immunity*

■ This is where the problems begin. The Eleventh Amendment "deprives federal courts of any jurisdiction to entertain" any claims entitled to immunity thereunder. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 99 n. 8, 104 S.Ct. 900, 907 n. 8, 79 L.Ed.2d 67. Section 1983 does not override Eleventh Amendment immunity, nor does pendent ("supple-

mental") jurisdiction. *Id.* at 119–21, 104 S.Ct. at 918–19. Thus, the fact that Plaintiffs have pled Section 1983 claims and the fact that Plaintiffs' state claims would otherwise come within this Court's jurisdiction via Section 1367 supplemental jurisdiction have no effect on the Defendants' Eleventh Amendment immunity, and this Court does not have jurisdiction over any claims barred by the Eleventh Amendment.[5]

■ The Eleventh Amendment states: The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Amendment applies to citizens of the State being sued and bars all suits, regardless of the nature of the relief sought, against a State or one of its agencies or departments. *Pennhurst,* 465 U.S. at 100, 104 S.Ct. at 908. A review of the individual parties and claims involved in this case establishes this Court *only* has jurisdiction over the plaintiffs' claim for prospective injunctive relief against the Commissioner.

■ Defendant TDHS is a Texas state agency. As such, it is treated just as though the State of Texas had been sued and, absent waiver, no relief, injunctive or otherwise, may be obtained against it in a federal court. *Pennhurst,* 465 U.S. at 100, 104 S.Ct. at 908; *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d

**4.** 28 U.S.C. § 1441(a) and (b) provide, in full:

(a) Except as otherwise expressly provided by act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall ·be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the

parties in interest· properly joined and served as defendants is a citizen of the State in which such action is brought.

**5.** This jurisdictional bar applies unless the state has waived its immunity or consented to suit against it. *Pennhurst,* 465 U.S. at 99, 104 S.Ct. at 907. The states' immunity can also be abrogated in certain situations by Congress through the enactment of federal legislation. In this case, however, there is no question of waiver by the State or through·federal legislation. In fact, in 1975 Congress amended the Medicaid Act to require States to waive any 11th Amendment immunity from suit for violation of the Medicaid Act, but repealed that provision the very next session due to "a great deal of opposition from the States." *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 517, 110 S.Ct. 2510, 2521, 110 L.Ed.2d 455 (1990).

662 (1974); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir.1981). All claims against TDHS are barred in this Court.

Defendant NHIC is also an arm of the State and immune under the Eleventh Amendment. In determining if an entity is an arm of the state, a court "typically look[s] at the degree of local autonomy and control, and most importantly whether the funds to defray any award would be derived from the state treasury." *Laje v. R.E. Thomason General Hospital*, 665 F.2d 724, 727 (5th Cir.1982). In this case, although the Plaintiffs seek only prospective injunctive relief against NHIC, it is clear that the relief would ultimately control the actions of the State of Texas and affect its treasury, not funds of NHIC, insofar as Medicaid payments would be increased. Furthermore, the Fifth Circuit has held that "fiscal intermediaries" for the state are protected by the same sovereign immunity as the state itself when the intermediaries act within their official duties. *Matranga v. Travelers Ins. Co.*, 563 F.2d 677, 678 (5th Cir.1977). The Western and Southern Districts of Texas have specifically held in the past that Defendant NHIC is entitled to invoke sovereign immunity as a fiscal intermediary. *Southwest Texas Methodist Hospital v. Jimenez*, No. SA–82–CA–274, slip op. at 15 (W.D.Tex. Nov. 18, 1983); *St. Joseph Hospital v. Electronic Data Systems*, 573 F.Supp. 443, 450 (S.D.Tex.1983). As in those cases, Defendant NHIC's actions in this case were taken under the direction of, and in conjunction with, TDHS. Nowhere in Plaintiffs' Original Complaint do the Plaintiffs allege that NHIC has acted other than under the control and direction of TDHS.[6] It is clear that the State of Texas is the real substantial party in interest, and, thus, the

sovereign immunity doctrine bars federal jurisdiction over Defendant NHIC in this lawsuit as well.

Burton F. Raiford, Interim Commissioner of TDHS, is a state official. As with state agencies, individual state officials receive immunity in federal court under the Eleventh Amendment when the state is the "real party in interest." *Pennhurst*, 465 U.S. at 101, 104 S.Ct. at 908. Such is the case where the suit is nominally against the individual official but the relief sought would run against the state or otherwise affect the official's actions as a state officer. *Id.* The exception to this rule is that federal courts may enjoin actions by state officials when such actions constitute on-going violations of the Federal Constitution or federal law. *Id.* at 102–03; 104 S.Ct. at 909; *Ex Parte Young*, 209 U.S. 123, 155–156, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908). The *"Young* exception" enables a federal court to entertain claims for prospective injunctive relief, but does not extend to retroactive relief, such as monetary damages. *Pennhurst v. Halderman*, 465 U.S. at 105–106, 104 S.Ct. at 910–911; *Quern v. Jordan*, 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan*, 415 U.S. at 662–68, 94 S.Ct. at 1355–1358. Thus, Plaintiffs' claim for prospective injunctive relief against Interim Commissioner Raiford's actions pertaining to the setting of the reimbursement rates may be heard by this Court; however, any of the plaintiffs' remaining claims which may run against the Commissioner are jurisdictionally barred in federal court.[7]

### III. REMAND

Having established that the Eleventh Amendment bars a federal court from hearing all but the claim for prospective

---

**6.** The only paragraph in the entire complaint which discusses an action by NHIC without TDHS is paragraph 31, which gives an example of a utilization review policy "implemented by NHIC without any change in rule, statute, or opportunity for appropriate compliance with the Administrative Procedures Act...." *See* Plaintiffs' Original Petition, para. 31. However, as that paragraph is but one in a string of paragraphs complaining about TDHS's utilization review and appeals procedure and the re-

lief sought, adoption of utilization review and payment policies consistent with the requirements of federal and state law, is against all of the Defendants, the Court finds that paragraph 31 does not allege action by NHIC taken other than at the direction and instruction of TDHS.

**7.** Plaintiffs apparently do not assert any monetary claims against the Commissioner in his individual capacity.

injunctive relief against the Commissioner, this Court must now decide whether to remand the barred claims and retain jurisdiction over the claim for prospective injunctive relief or remand the entire case.[8]

■ There appear to be three lines of cases addressing what should be done when the Eleventh Amendment bars some, but not all, of a plaintiff's claims. Courts in the first line of cases interpret Section 1441 as requiring the district court to have had original jurisdiction (including supplemental jurisdiction over state claims) over every claim brought by a plaintiff in order for removal to be proper and, therefore, remand the entire case if even one defendant or claim is barred by the Eleventh Amendment. *See Martinez v. Kansas State Univ.*, 1991 WL 33464 (D.Kan. Feb. 6, 1991) (following *McKay v. Boyd Construction Co., Inc.*, 769 F.2d 1084, 1086 (5th Cir.1985) and *Simmons v. State of California*, 740 F.Supp. 781, 785 (E.D.Cal. 1990)); *Simmons v. State of California*, 740 F.Supp. 781 (E.D.Cal.1990) (following *McKay*, 769 F.2d at 1086); *Stephans v. State of Nevada*, 685 F.Supp. 217 (D.Nev. 1988) (following *McKay*, 769 F.2d at 1087; court did not actually remand the case, but only because it found the State to have been fraudulently joined as there was no valid cause of action against it); *Keenan v. Washington Metro Area Transit Auth.*, 643 F.Supp. 324 (D.D.C.1986).

Courts in the second line of cases have held that only those claims barred by the Eleventh Amendment must be remanded. *See Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332 (6th Cir.1990);[9] *Green v. Johnson*, 1992 WL 21201 (W.D.Mich. Jan. 16, 1992) (following *Henry*, 922 F.2d at 338).

Finally, there are those courts that have granted full or partial remands because of the Eleventh Amendment, but they either fail to say why they did what they did or, as in the case of *McKay*, there is some confusion as to why they did what they did. *See Silver v. Baggiano*, 804 F.2d 1211 (11th Cir.1986);[10] *McKay v. Boyd Construction Co., Inc.*, 769 F.2d 1084 (5th Cir. 1985) (court remanded entire case for reasons to be discussed later); *AFSCME v. Corrections Dept. of State of N.M.*, 783 F.Supp. 1320 (D.N.M.1992).[11]

### A. McKay v. Boyd Construction Co., Inc.

Two of the cases which have held that if any claim is barred by the Eleventh Amendment, the entire case must be remanded, were ostensibly following the Fifth Circuit case *McKay*. *See Martinez*, 1991 WL 33464, at *2; *Simmons*, 740 F.Supp. at 785. However, this Court is not convinced that *McKay*, the only Fifth Circuit case addressing the issue, stands for

8. The Court will not, as requested by the Defendants, dismiss the claims barred by the Eleventh Amendment. Not only does it seem fundamentally unfair to dismiss claims because they cannot be heard in a federal court when the Defendants purposefully removed them to federal court in the first place, but remand is generally preferable to dismissal. *See e.g., Henry*, 922 F.2d at 338; *see also Cohill*, 484 U.S. at 351–55, 108 S.Ct. at 620–21 (court has wide discretion to remand, instead of dismissing, cases involving pendent jurisdiction when the court declines to exercise its pendent jurisdiction).

9. Without actually deciding on the proper interpretation of *McKay*, the Sixth Circuit Court of Appeals stated that it rejects *McKay* "[t]o the extent that *McKay* forecloses consideration of claims unaffected by the eleventh amendment in favor of remand pursuant to 28 U.S.C. § 1447(c)." *Id.*

10. In *Silver*, the Eleventh Circuit Court of Appeals remanded state claims barred by the Elev-

enth Amendment; vacated some of the district court's judgment with respect to federal Medicaid law; dismissed some federal constitutional claims; and remanded to the federal district court the question of intervention by a Medicaid recipient, instructing the district court to consider the merits of those federal claims if it granted intervention. Thus, without discussing *McKay*, *Simmons*, or *Henry*, the Court implicitly found a partial remand proper when the Eleventh Amendment bars some, but not all, claims in a lawsuit.

11. The district court found the Eleventh Amendment to be "a jurisdictional barrier to th[e] action", however, as there were no remaining federal claims not barred by the Eleventh Amendment, it is unclear what the court would have done in a case, like this, where some viable federal claims remained unaffected by the Eleventh Amendment.

the proposition that whenever the Eleventh Amendment bars some claims in a suit, the entire suit may not be removed under Section 1441.

In *McKay*, an out-of-state plaintiff filed suit, in state court, against the Mississippi State Highway Department ("the State") and Boyd Construction Company for negligent construction and violations of federal regulations.[12] Boyd removed the case based on diversity jurisdiction, and the district court dismissed the State and entered summary judgment for Boyd. *Id.* at 1086. The Fifth Circuit reversed and ordered the district court to remand the entire case to the state court from whence it came. *Id.* at 1088.

In *Simmons*, the California district court found that because the Eleventh Amendment barred all claims against the State, it did not have "original jurisdiction" over the "civil action", as required by 28 U.S.C. § 1441(a), thus precluding removal and requiring remand under 28 U.S.C. § 1447, despite the existence of constitutional claims against private defendants. *Simmons*, 740 F.Supp. at 784, 786. The court quoted *McKay* as follows:

> This section [28 U.S.C. § 1441] only authorizes the removal of actions that are within the original jurisdiction of the district court. Because a state agency is a defendant, the eleventh amendment bars the exercise of federal jurisdiction here. Accordingly, the action must be remanded to the state court where it was originally filed.

*Id.* at 785 (quoting *McKay*, 769 F.2d at 1086). In addition, the Court found that because "civil action" as used in Section 1441 has been interpreted to mean "the entirety of the proceedings in question, not merely claims or parties," a suit is not removable if the court lacks jurisdiction over *any* claim therein, whether or not the court would have had jurisdiction over any other claims in the suit. *Id.* at 785–86 (quoting *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980)).

Despite the apparent logic of the court's decision in *Simmons* and the fact that the result was proper in that case, this Court disagrees with its interpretation of *McKay* and with the general rule it espouses. This Court does not believe *McKay* stands for the proposition that any time there is a valid claim barred in federal court by the Eleventh Amendment, the entire case must be remanded to state court regardless of the presence of other claims involving federal claims not barred by the Eleventh Amendment, nor does it believe that rule is the correct rule whether held in *McKay*, *Simmons* or any other case.

The paragraph from *McKay* quoted in *Simmons* merely introduced the section addressing the issue of remand. *See McKay*, 769 F.2d at 1086. As stated later by the Court, the plaintiff had alleged that the State and Boyd were "jointly liable for his injuries. [Therefore], McKay's *claim cannot be resolved unless both defendants are present*. His entire action must be remanded to state court." *McKay*, 769 F.2d at 1087 (emphasis added). The reason that the State's presence required the remand of the entire case was thus twofold: (1) the claims against the State had to be remanded to state court because of the Eleventh Amendment, *and* (2) the claims against Boyd had to be remanded because they could not be tried separately from the claims against the State. Thus, in that case the presence of the state defendant caused the federal court to lack jurisdiction over the entire case. However, in another case, not involving joint liability, a state court could try the claims barred in federal court by the Eleventh Amendment while a federal court tried other federal claims not barred by the Eleventh Amendment.

Although the court in *Stephans v. State of Nevada* held it would be without jurisdiction over the case so long as the State of Nevada was a defendant, its discussion of *McKay* supports this Court's interpretation. When addressing whether or not the State of Nevada had been fraudulently joined, the court noted that the Fifth Cir-

---

**12.** None of the parties argued that removal was proper based on the federal claims, nor was any other mention of the federal claims made in the case.

cuit also considered fraudulent joinder in *McKay* and described *McKay* as a "case involving joinder of a defendant which *undermines* removal of the case." *Stephans,* 685 F.Supp. at 220 (emphasis added). It went on to describe *McKay* by saying that "[t]he *McKay* court held that the plaintiff stated a 'nonspecious' cause of action against the party with Eleventh Amendment immunity, that the plaintiff's claims could not be resolved without all the defendants present, and that it was necessary to the remand the case to state court." *Id.* Never did the *Stephans* court suggest that the State's presence, rather than the Fifth Circuit Court's inability to hear the case without both defendants present, caused the Fifth Circuit to remand the entire case in *McKay.*

Nor does the Fifth Circuit's definition of "civil action" in *Arango v. Guzman Travel Advisors Corporation* mandate the ruling in *Simmons.* The question in *Arango* was whether or not the "foreign state" defendant had removed the entire action when it removed the "civil action" under Section 1441(d). *See Arango,* 621 F.2d at 1374–75. The Court found that "civil action" "denotes the entirety of the proceedings in question, not merely those aspects involving discrete federal claims or parties," and that Congress intended the entire action to be removed when Section 1441(d) was "invoked by a 'foreign state'." *Id.* at 1376–77. From that, the court in *Simmons* concluded that by allowing the removal of "any civil action ... of which the district courts of the United States have original jurisdiction" in Section 1441(a), Congress must have meant that only when a federal district court would have had original jurisdiction over "the entirety of the proceedings," may a case be removed as "the removal statute does not countenance the removal of bits and pieces of cases." *Simmons,* 740 F.Supp. at 786–87.

Read in a very literal, and somewhat mechanical, manner, the *Simmons* court's interpretation of Section 1441(a) makes sense. There are several problems with this interpretation, however, that cause this Court to disagree.

First, there is no question that if this case had originally been filed in federal court, this Court would have maintained jurisdiction over the claim against the Commissioner for prospective injunctive relief and dismissed the claims against TDHS and NHIC because of the Eleventh Amendment, at which point Plaintiff would probably have refiled its claims against TDHS and NHIC in state court. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). The Eleventh Amendment would not have deprived this Court of jurisdiction over the entire action, but only over the claims barred by the Eleventh Amendment. *See id.* at 121, 104 S.Ct. at 919; *see also Henry,* 922 F.2d at 338–39. Thus, it seems anomalous to reach a different result merely because the case was initially filed in state court.

Second, while it is true that Section 1441 "does not countenance the *removal* of bits and pieces of cases," *Simmons,* 740 F.Supp. at 786–87 (emphasis added), it does not generally preclude federal courts from *remanding* bits and pieces of cases if a court finds that some, but not all, claims belong in state court or there are other reasons to separate the state and federal claims. *See generally Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Alexander v. Goldome Credit Corp.,* 772 F.Supp. 1217, 1224–25 (M.D.Ala.1991) (court may remand entire case or partially remand); *Moore v. DeBiase,* 766 F.Supp. 1311, 1320–21 (D.N.J. 1991) (same); *Behre v. United States,* 659 F.Supp. 747, 751 (court found state defendants had to be remanded to state court because of Eleventh Amendment, while federal defendants had to remain in federal court because they had absolute right of removal under section 1442); *see also United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (district court not always required to exercise pendent jurisdiction over state claims and "there may be reasons ... that would justify separating state and federal claims for trial"); *Pennhurst,* 465 U.S. at 122, 104 S.Ct. at 919 (application of the Eleventh Amendment

may result in bifurcation of claims). Thus, the fact that Congress meant by "civil action" that removal by one defendant would remove the entire case does not necessarily mean Congress intended to preclude removal altogether if some claims would have to be remanded.

Third, the Supreme Court obviously feels strongly about the right to have federal rights "vindicated" in federal courts. In *Ex Parte Young*,[13] the Supreme Court held that "a suit challenging the constitutionality of a state official's action is not one against the State." *Pennhurst*, 465 U.S. at 102, 104 S.Ct. at 909 (citing *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). While continuing to uphold *Young*, the Supreme Court has expressly recognized that the holding of *Young* is a "fiction" resting on "the need to promote the vindication of federal rights"—an effort "to harmonize the principles of the Eleventh Amendment with the effective supremacy of rights and powers secured elsewhere in the Constitution." *Id.* 465 U.S. at 105, 104 S.Ct. at 910. It would surprise this Court to find that Congress intended Section 1441(a) to prevent the operation of the *Young* doctrine by not allowing a federal court to hear claims for prospective injunctive relief against state officials whenever a plaintiff files federal claims against a state (or arm of the state) and a state official in state court.

This case is a perfect example of how the rules of removal and remand could, if allowed, be manipulated to permit a party (with a clever lawyer) to prevent the litigation of federal questions, concerning the disbursement of federal money, in federal court. Such a result would be contrary to reason and contrary to the policy of federal-state comity. The Court cannot find it lacks jurisdiction to hear the claim against the Defendant Interim Commissioner Raiford for prospective injunctive relief based on the interpretation of federal laws governing the disbursement of federal monies to the State of Texas merely because it lacks jurisdiction to hear other claims in this case.

### B. Status of Eleventh Amendment Immunity

Even if Section 1441(c) should be read to mean that a federal district court must have had original jurisdiction over each and every claim in a lawsuit before the case could be removed, there is also a good argument that Eleventh Amendment immunity should not be considered a question of subject matter jurisdiction within the meaning of Section 1441.

As recognized by several courts and Supreme Court Justices, Eleventh Amendment immunity is a rather chameleon-like creature. On the one hand, it is treated as an issue of subject matter jurisdiction because it may be raised for the first time on appeal. *See Edelman v. Jordan*, 415 U.S. 651, 678, 94 S.Ct. 1347, 1363, 39 L.Ed.2d 662 (1974); *see also Simmons*, 740 F.Supp. at 785; *Keenan*, 643 F.Supp. at 333. On the other hand, it is treated more like personal jurisdiction insofar as it may be waived by a state while subject matter jurisdiction can never be waived. *See Pennhurst*, 465 U.S. at 99, 104 S.Ct. at 907; *Simmons*, 740 F.Supp. at 785 n. 4; *Keenan*, 643 F.Supp. at 333. In addition, unlike subject matter jurisdiction, the Supreme Court does not require a court to raise and decide Eleventh Amendment immunity on its own motion. *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 515 n. 19, 102 S.Ct. 2557, 2567 n. 19, 73 L.Ed.2d 172 (1982) ("[W]e have never held that it is jurisdictional in the sense that it *must* be raised and decided by this Court on its own motion.") (emphasis in original), *quoted in Simmons*, 740 F.Supp. at 785.

Supreme Court Justice Stevens has gone as far as describing the expansion of state immunity (e.g., to include cases in which a state's own citizens sue the state) as "prudential" rather than jurisdictional. *Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 26, 109 S.Ct. 2273, 2287, 105 L.Ed.2d 1 (1989) (Stevens, J., concurring). According to Justice Stevens, state immunity is governed more by a concern for federal-state comity than the Eleventh Amendment it-

---

**13.** 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

self. In support, he notes the departures from typical subject matter jurisdiction discussed above and also the anomaly of limiting the *Young* fiction to only prospective injunctive relief. *Id.* If application of the Eleventh Amendment were truly jurisdictional, says Stevens, federal courts should have jurisdiction over any claim alleging that a state official had transcribed constitutional or federal limits, not just those limited to prospective injunctive relief. *Id.* For that matter, if the Eleventh Amendment were truly jurisdictional, the *Young* fiction would probably not exist at all. *See supra* pp. 1515–16.

Federal courts have generally been content to simply call attention to the debate over the status of Eleventh Amendment immunity. *See AFSCME,* 783 F.Supp. at 1322; *Simmons,* 740 F.Supp. at 785; *Keenan,* 643 F.Supp. at 333 ("Regardless of which of these [subject matter jurisdiction or personal jurisdiction] it most resembles, Eleventh Amendment immunity is a jurisdictional bar from suit which prohibits this Court from considering the merits of the case."). However, if Section 1441 does prevent removal of cases containing any claim over which a district court would not have had "original jurisdiction" then the distinction is of consequence. If Eleventh Amendment immunity is more aptly described as a prudential concern or a matter of personal jurisdiction, a federal court would have original jurisdiction under Section 1441 over all federal claims; it simply would not be able to hear those claims barred by the Eleventh Amendment, just as a court would not be able to hear federal claims against a person who had no contacts with the forum state. Thus, a partial remand of claims barred by the Eleventh Amendment could be, depending on the nature of the suit, appropriate.

■ Because Eleventh Amendment immunity appears to be a hybrid of subject matter jurisdiction, personal jurisdiction, and general prudential concerns, the Court finds that for purposes of removal under Section 1441 the Eleventh Amendment does not defeat a federal court's original jurisdiction over an action involving claims barred by the Eleventh Amendment. To hold otherwise would defeat the Supreme Court's obvious intention to allow claims for prospective injunctive relief against State officials to be heard in federal district courts.

## IV. CONCLUSION

■ Having determined that the presence of the State as a defendant does not *require* remand of the entire case under Section 1441, this Court finds that a partial remand is appropriate. Although the Court recognizes that judicial economy and convenience support a remand of the entire case, comity and fairness support this partial remand. *See Cohill,* 484 U.S. at 347–55; 108 S.Ct. at 618–21. The Plaintiffs' claims against the Commissioner involved a federal statute under which federal funds are dispersed to states. Despite its repeal of a provision in the Medicaid Act, which required states to waive Eleventh Amendment immunity from suits for violations of the Act, Congress has always "intended that health care providers be able to sue in federal court for injunctive relief to ensure that they were reimbursed according to reasonable rates." *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 516, 110 S.Ct. 2510, 2521, 110 L.Ed.2d 455 (1990). This is just such a case, and the Court will honor that intent and hear the Plaintiffs' claims for prospective injunctive relief against the Commissioner.[14]

Thus, the Court ORDERS that all claims in the above-styled and numbered cause, EXCEPT the claim for PROSPECTIVE INJUNCTIVE RELIEF AGAINST DEFENDANT BURTON F. RAIFORD, Interim Commissioner of the Texas Department of Human Services, are REMANDED to the 331st District Court of Travis County, Texas.

---

**14.** While the Court feels strongly that it has reached the correct decision, it does so somewhat reluctantly given its tremendous caseload.