UNITED STATES of America,
Plaintiff,

v.

William Harold MACK, M.D.,
Defendant/ Third–Party
Plaintiff,

v.

National Heritage Insurance Company
and Texas Department of Health and
Human Services, Third–Party Defen-
dant.

No. H–98–1488.

United States District Court,
S.D. Texas,
Houston Division.

April 22, 1999.

Cornel A. Williams, Attorney at Law, Houston, TX, for William Harold Mack, MD, defendant.

Weston C. Loegering, Hughes & Luce, Dallas, TX, for National Heritage Insurance Co., defendant.

Deborah Anne Verbil, Office of Attorney General, Austin, TX, for Texas Health and 'Human Services Commission, movant.

## MEMORANDUM AND ORDER

JOHNSON, United States Magistrate Judge.

Before the court [1] are the following motions: (1) Defendant National Heritage Insurance Company's Rule 12(b)(1) & (6) Motion to Dismiss with Authorities and Motion to Strike Third–Party Plaintiff's Counter–Claim; [2] (2) Third–Party Defendant Texas Health and Human Services Commission's Motion to Dismiss Pursuant to Rule (12)(b)(1), or, in the Alternative, Motion to Dismiss Pursuant to Rule 14; [3] (3) Plaintiff's Opposed Motion for the Enlargement of Time, Pursuant to Rule 6(b)(2), Within Which to Produce Certain Records; [4] (4) Third–Party Plaintiff's Motion for Extension of Time to Respond to Third Party Defendants' Motions to Dismiss; [5] (5) Defendant William H. Mack, M.D.'s Motion to Overrule Plaintiff's Objections to Discovery and in the Alternative Motion to Compel Discovery; [6] and (6) Defendant Third Party Plaintiff's Motion for Leave to Amend His Complaint and Add Parties.[7]

Michelle Zingaro, Office of U.S. Attorney, Houston, TX, Joe Mirsky, Office of U.S. Attorney, Houston, TX, for United States of America, plaintiff.

The court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the third-party defendants' motions to dis-

---

1. The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c). Docket Entry Number (DEN) 8, 31, and 35.

2. DEN 17.

3. DEN 19.

4. DEN 22.

5. DEN 25.

6. DEN 27.

7. DEN 38.

miss (Docket Entry Number (DEN) 17 and 19) are **GRANTED,** the motion for an extension of time (DEN 25) is **GRANTED,** and all other motions (DEN 22, 27, and 38) are **DENIED.**

## I. Case Background

William Harold Mack, M.D. ("Dr. Mack"), a pediatrician and Texas resident, was a participant in the Medicaid-sponsored Early Periodic Screening, Diagnosis, and Treatment (EPSDT) program. The EPSDT program allows for doctors to perform routine testing on "at risk" children at the taxpayer's expense. The United States of America ("the government") brought this suit against Dr. Mack seeking monetary damages. The government alleges that while participating in the EPSDT program, Dr. Mack filed numerous fraudulent claims and otherwise did not follow proper EPSDT procedures.

The government's complaint was filed on May 13, 1998. Dr. Mack filed an answer on June 12, 1998. On September 25, 1998, Dr. Mack filed what he termed an amended answer and counterclaim. In actuality, the amended pleading did not assert a counterclaim against the government; rather, it asserted a third-party complaint against the National Heritage Insurance Company ("NHIC") and the Texas Department of Health and Human Services (the department's correct name is the Texas Health and Human Services Commission; accordingly, the court will refer to it as "the Commission").

NHIC's and the Commission's involvement in the facts underlying this case are as follows. The Commission oversees the Medicaid program in the state of Texas. The Commission has contracted with NHIC, a private company, to receive, process, and pay doctors' Medicaid claims in accordance with applicable statutes and regulations. Thus, Dr. Mack would bill the Medicaid services he allegedly performed to NHIC and would be paid with state funds held in trust by NHIC.

The gravamen of Dr. Mack's complaint against the Commission and NHIC is that they processed and paid the bills he submitted to them without comment. Dr. Mack argues the Commission and NHIC should have instead audited him, notified him of his billing "errors", counseled him, and brought an administrative action against him. If they had done so, Dr. Mack reasons, the government would not now be suing him for his allegedly fraudulent activities. Dr. Mack contends the failure of the third-party defendants to alert him of his billing "discrepancies" was an act of negligence, breach of contract, and breach of the duty of good faith and fair dealing. Dr. Mack also seeks declaratory relief and appears to brings a claim under 42 U.S.C. § 1983 arguing that the Commission's and NHIC's inaction deprived him of his due process rights under the Fourteenth Amendment.

## II. Discovery Motions

Two of the motions before the court, DEN 22 and 27, pertain to discovery matters. In DEN 22, the government asks that it be given more time to produce voluminous records requested by Dr. Mack. The motion, which was filed on November 27, 1998, states the government needs 12 weeks to produce the records. Twelve weeks have already passed. In DEN 27, Dr. Mack asks that the government be compelled to produce what appear to be the same records that are the subject of the government's request for an extension of time. Both of these motions were filed prior to the December 21, 1998, scheduling conference where discovery issues were addressed. The motions appear to be moot and are therefore **DENIED** as such. To the extent the subject matter of these two motions is still in dispute, the parties may contact the court's case manager, Linda Gonzales, within 5 days of the entry of this order to schedule a hearing to discuss any remaining issues.

## III. Motion for Extension of Time

Dr. Mack asks that he be given a one-week extension to file his response to the

third-party defendants' motions to dismiss. The motion is unopposed and Dr. Mack's response was filed within the one-week period. The court **GRANTS** the motion.

### IV. Motion for Leave to File an Amended Pleading

Under the court's scheduling order, the parties had until February 26, 1999, to move to amend their pleadings. Dr. Mack filed such a motion on that date. The motion consists of only a few sentences and is not accompanied by the proposed amended pleading. Dr. Mack's motion states that he wishes to amend his complaint to add new parties, but it does not identify who those parties are. The motion also vaguely explains that Dr. Mack is "currently exploring" the option of "revis[ing] the paragraphs regarding complaints against" NHIC and the Commission. In effect, Dr. Mack asks the court to do nothing less than grant him a license to file an amended complaint at his leisure, irrespective of the court's scheduling order.

Whether or not a motion for leave to amend should be granted is within this court's sound discretion. *Overseas Inns S.A.P.A. v. United States,* 911 F.2d 1146, 1150 (5th Cir.1990). In exercising this discretion, the court is to consider factors such as undue delay, dilatory motive, bad faith, repeated failure to cure defects in amendments previously allowed, futility, and undue prejudice to the other parties. *Id.* Almost all of these factors counsel against granting Dr. Mack leave to amend. Not only has Dr. Mack failed to provide the court with a copy of his proposed amendment, he has utterly failed to explain how he wishes to amend his complaint, why he was unable to timely file the proposed amendment, and why any amendment would not be futile. The court set a deadline of February 26, 1999, to amend pleadings. Dr. Mack asks this court to vitiate this order by allowing him to ponder *ad infinitum* whether he will amend or not. It would be highly prejudicial to third-party defendants to allow Dr. Mack to escape the control of the scheduling order in this fashion. This is especially true in light of the fact both third-party defendants have motions to dismiss which are now ripe for adjudication. Dr. Mack's motion is DENIED.[8]

### V. Motions to Dismiss

Both NHIC and the Commission contend that Dr. Mack's federal and state-law claims against them are barred by the doctrine of sovereign immunity. The court agrees.

### A. The Eleventh Amendment Bars All Claims Asserted by Dr. Mack

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment is read to bar suit in federal court by citizens of a state against their own state. *Darlak v. Bobear,* 814 F.2d 1055, 1059 (5th Cir.1987). The term "state" encompasses state agencies and departments. *Richardson v. Southern University,* 118 F.3d 450, 452 (5th Cir.1997). Before deciding whether NHIC and the Commission are extensions of the State of Texas entitled to invoke immunity, the court first sets forth the parameters of the immunity the State of Texas may invoke.

There are two means by which a state can forfeit its Eleventh Amendment immunity: (1) an intentional negation of

---

8. The court notes Dr. Mack may not need leave to amend against the Commission as the Commission has not yet filed a responsive pleading. DAVID HITTNER, FEDERAL CIVIL PROCE-DURE BEFORE TRIAL, 5TH CIRCUIT EDITION, § 8:374 (1997). However, because the Commission is entitled to sovereign immunity, as explained below, any amendment would be futile.

immunity by an act of Congress; or (2) a waiver or consent to be sued by the state. *Neuwirth v. Louisiana State Bd. of Dentistry*, 845 F.2d 553, 555 (5th Cir.1988). If neither of these circumstances is present, a federal court is prohibited from awarding "legal or equitable relief against the state." *Id.; Texas Hosp. Ass'n v. National Heritage Ins. Co.*, 802 F.Supp. 1507, 1511 (W.D.Tex.1992) (the Eleventh Amendment "bars all suits, regardless of the nature of the relief sought, against a State or one of its agencies or departments").[9]

■ Congress did not abrogate the states' Eleventh Amendment immunity by enacting § 1983. *Richardson*, 118 F.3d at 453. Likewise, the State of Texas has not consented to be sued in federal court. While the Texas Tort Claims Act does allow an individual to bring certain claims against the State, such claims must be brought in state court. TEX.CIV.PRAC. & REM. CODE ANN. § 101.102 (Vernon 1997); *Sherwinski v. Peterson*, 98 F.3d 849, 851 n. 9 (5th Cir.1996). Accordingly, Dr. Mack's claims against any arm of the State of Texas are barred by the Eleventh Amendment. The remaining issue is whether the Commission and NHIC are arms of the state entitled to Eleventh Amendment immunity.

## B. The Commission and NHIC are State Entities

Numerous courts have specifically held both the Commission and NHIC are state agencies protected from suit in federal court by Eleventh Amendment immunity. *Texas Hosp. Ass'n*, 802 F.Supp. at 1511–12 (NHIC and the Commission both arms of the state and immune from suit under the Eleventh Amendment); *St. Joseph Hosp. v. Electronic Data Sys. Corp.*, 573 F.Supp. 443, 450 (S.D.Tex.1983) (NHIC protected by the Eleventh Amendment); *Snead v.*

*Johnston*, No. SA–85–CA–2591 slip. op. at 8, 11 (W.D.Tex.1989) (the Commission and NHIC entitled to Eleventh Amendment immunity); *Southwest Texas Medical Hosp. v. Jimenez*, No. SA–82–CA–274 slip. op. at 15 (W.D.Tex.1983) (NHIC acts as an arm of the state and is immune from suit in federal court). The court finds no reason to disagree with these previous holdings.

■ The ultimate issue the court must decide is whether the suit against the Commission and NHIC is in reality a suit against the State of Texas itself. *Richardson*, 118 F.3d at 452. Six factors guide the court's determination: (1) whether state statutes and case law characterize the agencies as arms of the state; (2) the source of funding for the entities; (3) the degree of local autonomy the agencies enjoy; (4) whether the entity is concerned with state-wide problems or local matters; (5) whether the entity can sue and be sued in its own name; and (6) whether the entity has the right to hold and use property. *Id.* Application of these six factors to the instant case mandates that both the Commission and NHIC are alter egos of the State of Texas.

■ The Commission is identified as a state agency by its enabling legislation. TEX. GOV'T CODE ANN. § 531.002 (Vernon 1998) ("The Health and Human Services Commission is an agency of the state"). There is no dispute that it receives its funding from the State of Texas and that any judgment against it would be paid by state funds. The Commission is governed by a Commissioner who is appointed by the governor with the advice and consent of the senate. ID. § 531.005. It is subject to legislative oversight. ID. § 531.201 *et seq.* The Commission is charged with pro-

---

9. There is one exception to this bar, first set forth in *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). It allows a federal court to entertain a suit for prospective relief against an individual state officer based on an allegation he violated federal law. *Neuwirth*, 845 F.2d at 555; *Darlak*, 814 F.2d at 1060–61. This exception has no impact on the present case as Dr. Mack has not brought suit against any individual state official.

viding and delivering health and human services throughout the state, not simply in one area. ID. § 531.002. The court thus finds the Commission is, beyond doubt, a state agency. "As such, it is treated just as though the State of Texas had been sued and, absent waiver, no relief, injunctive or otherwise, may be obtained against it in a federal court." *Texas Hosp., Ass'n,* 802 F.Supp. at 1511.

 NHIC is also an arm of the State of Texas entitled to Eleventh Amendment immunity. As noted above, several other courts have made this determination. State law specifically allows the responsibility of administering the Texas Medicaid program to be delegated to a fiscal intermediary. TEX.HUM.RES.CODE ANN. § 32.029(b) (Vernon 1990). NHIC is that intermediary. It is undisputed NHIC operates under contract with and at the direction of the Commission. NHIC is paid for its services from state funds. NHIC is not autonomous. In fact, Dr. Mack concedes in his third-party complaint that "National Heritage Insurance Company is an integral agency within the State of Texas Medicaid program." [10]

While Dr. Mack may argue NHIC did not run the program effectively, there is no argument or evidence that NHIC exceeded the scope of its authority in any manner in administrating the Medicaid program. "The Fifth Circuit has held that fiscal intermediaries are protected by the same sovereign immunity as the governmental entity so long as they do not act outside the perimeters of their official duties." *Snead,* No. SA–85–CA–2591 slip. op. at 10, *citing Matranga v. Travelers Ins. Co.,* 563 F.2d 677, 678 (5th Cir.1977); *Peterson v. Blue Cross/Blue Shield of Texas,* 508 F.2d 55, 58 (5th Cir.1975).

NHIC receives its funding from the state of Texas and is concerned with statewide problems; namely, the processing of Medicaid claims for the doctors of this state. In other cases where the NHIC has

been deemed entitled to sovereign immunity, the courts have placed some emphasis on the fact that an award against NHIC would be paid out of the coffers of the state treasury. For example, where the relief sought by the plaintiff would have caused Medicaid payments to increase, NHIC was deemed protected by sovereign immunity. *Texas Hosp. Ass'n,* 802 F.Supp. at 1512. In this case too, an award against NHIC would affect state funding. NHIC may be a privately owned company with its own resources to pay a damage award; however, it is undisputed that NHIC generates at least a portion of those resources by contracting with the State of Texas. Thus, an award of damages against NHIC would be paid out of funds NHIC receives from the State of Texas. Put another way, NHIC would not be in a position to be sued by Dr. Mack if it was not paid by the State of Texas to run the state's Medicaid program. *See Citrano v. Allen Correctional Ctr.,* 891 F.Supp. 312 (W.D.La.1995) (private, for-profit company that operated a state prison entitled to immunity from suit by inmates).

The Fifth Circuit has consistently held fiscal intermediaries like NHIC are entitled to sovereign immunity. As the Circuit stated almost twenty-five years ago:

We need not tarry long with respect to the asserted tort liability and immunity of the corporate defendants. They are Medicare fiscal intermediaries who act as agents at the sole direction of the Secretary of Health, Education, and Welfare.... In this situation the United States is the real party in interest. Under the doctrine of sovereign immunity, the district court lacked jurisdiction over all these defendants, both governmental and private as agents of the Government.

*Peterson v. Weinberger,* 508 F.2d 45, 51–52 (5th Cir.1975). NHIC is just such a fiscal intermediary entitled to the same protec-

---

10. DEN 14, p. 9.

tion. The sovereign immunity doctrine therefore bars maintenance of Dr. Mack's suit against NHIC.

## VI. Conclusion

For the foregoing reasons, the Commission's and NHIC's motions to dismiss are **GRANTED.** Dr. Mack's motion for an extension of time is **GRANTED.** All other motions before the court are **DENIED.**

The Clerk shall send copies of this Memorandum and Order to the parties.