United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-50507

United States of America, ex rel., TONI R. BARRON;
VICKY J. SCHEEL,

Plaintiffs-Appellants,

versus

DELOITTE & TOUCHE, L.L.P.; DELOITE & TOUCHE
CONSULTING GROUP, L.L.C.; DELOITTE & TOUCHE
CONSULTING GROUP HOLDING, L.L.C.; MEDICAID
CLAIM SOLUTIONS OF TEXAS, INC.; NATIONAL
HERITAGE INSURANCE CO.,

Defendants-Appellees.

Appeal from the United States District Court for
the Western District of Texas
_____

Before KING, Chief Judge, REAVLEY and EMILIO M. GARZA, Circuit Judges.

REAVLEY, Circuit Judge:

This is a qui tam action under the False Claims Act, 31 U.S.C. § 3729, against

National Heritage Insurance Company ("NHIC"), Deloitte & Touche, and Medicaid

Claim Solutions of Texas (collectively, "Defendants"). Toni Barron and Vicky Scheel

("Relators") assert that Defendants participated in the knowing submission to the United States of false claims for Medicaid reimbursement. Relators, who are both medical professionals, maintain that they learned of Defendants' false claims in the course of providing therapeutic services to students in several Texas public school districts. According to Relators, consultants from both Deloitte and Medicaid Solutions alerted local school districts to the opportunity to gain reimbursement through Medicaid for health services that the districts were already providing. Those consultants also allegedly instructed the districts to maximize their recovery through improper billing practices. Relators further aver that NHIC, which processes claims and distributes federal Medicaid funds for the State of Texas, acquiesced in the fraudulent billing practices described in the complaint. The district court concluded that any action arising out of NHIC's role as a Medicaid fiscal intermediary is barred by Texas's Eleventh Amendment immunity. We disagree.[1]

This court reviews the issue of Eleventh Amendment immunity de novo. Cozzo v. Tangipahoa Parish Council--Presidential Gov't.[2] In order to determine whether the district court properly concluded that NHIC is an arm of the state and thus entitled to sovereign immunity from this damages action, we employ a six factor test:

1. Whether the state statutes and case law view the agency as an

---

[1] In an accompanying unpublished disposition, we reverse the district court's dismissal of Relators' claims against Defendants under the public-disclosure bar of the False Claims Act.

[2] 279 F.3d 273, 280 (5th Cir. 2002).

arm of the state;
2. The source of the entity's funding;
3. The entity's degree of local autonomy;
4. Whether the entity is concerned primarily with local as opposed to statewide, problems;
5. Whether the entity has the authority to sue and be sued in its own name;
6. Whether the entity has the right to hold and use property.

Hudson v. City of New Orleans.[3] This Clark test seeks to determine "if the state is the real, substantial party in interest because the suit seeks to impose a liability which must be paid from public funds in the state treasury."[4]

The second Clark factor – the source of the entity's funding – is the weightiest factor, and it is controlling here. See Vogt v. Bd. of Comm'rs.[5] The Eleventh Amendment exists mainly to protect state treasuries. See id. To determine if the state treasury is being protected, this court looks first to whether the state would be liable for a judgment against the defendant and then to whether the state would be liable for the defendant's "general debts and obligations." Hudson.[6] In this case, the state is neither directly responsible for a judgment, nor would it indemnify the defendant. The contract between NHIC and the State of Texas resolves the matter because it dictates that NHIC is to pay its own

---

[3] 174 F.3d 677, 679 (5th Cir. 1999) (summarizing six factor test developed in Clark v. Tarrant County, 798 F.2d 736, 744-45 (5th Cir. 1986)).

[4] Hudson, 174 F.3d at 681 (internal citation and quotation marks omitted).

[5] 294 F.3d 684, 693 (5th Cir. 2002).

[6] 174 F.3d at 687.

judgments and indemnify the State from any liability.[7] Additionally, the parties do not contend that the State is responsible for NHIC's general debts and obligations. This court's inquiry about a judgment's effect on state treasuries does not extend to suppositions about whether NHIC will: (1) pay its judgment from funds derived from the state for performing its contractual obligations; (2) attempt to pass on future litigation costs to the state through higher prices; or (3) demand future indemnification agreements or contribution to future judgments. See Williams v. Dallas Area Rapid Transit[8];

---

[7] The contract states:

> To the extent authorized by law, [NHIC], as an independent contractor, agrees to hold STATE AGENCY and its board members, contractors, subcontractors, independent consultants and their subcontractors and consultants and/or federal government harmless and to indemnify them from any and all liability, suits, claims, losses, damages and judgments, and shall pay all costs, fees and damages to the extent that such costs, fees and damages arise solely from performance or non-performance of CONTRACTOR under this Contract.

NHIC responds by pointing out that, under the parties' contract, it is not required to indemnify the State for losses caused by its prudent conduct in conformity with instructions given by the State. Even so, the aspect of the contract that is significant for the Clark analysis is NHIC's obligation to pay any damages resulting from its performance. This clause conclusively establishes that Texas will suffer no legal liability for any damages assessed against NHIC.

[8] 242 F.3d 315, 319 (5th Cir. 2001) (stating that "we do not consider a state's voluntary, after-the-fact payment of a judgment to be a liability against the state's treasury").

4

Pendergrass v. Greater New Orleans Expressway Comm'n[9]; see also United States ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall.[10]

Turning to the other Clark factors, the court is to look at how state statutes and case law characterize NHIC. Texas law does authorize the Texas Department of Health to "use any fiscal intermediary" to assist in the administration of federally authorized medical-assistance programs. TEX. HUM. RES. CODE ANN. § 32.029(b) (Vernon 2001). But no indicia of state law – "constitution, laws, judicial opinions, attorney general's opinions, [or] other official statements"[11] – identify NHIC as something other than a purely private corporation. In particular, there is no state case law identifying NHIC as an arm of the state. See Jacintoport Corp.[12]

The third Clark factor, the entity's degree of local autonomy, is difficult to evaluate in the context of a private corporation. Most "arm of the state" cases address the distinction between local and state control. See, e.g., Minton v. St. Bernard Parish Sch.

---

[9] 144 F.3d 342, 346 (5th Cir. 1998) (finding the second Clark factor to weigh heavily against immunity when the state would not pay the judgment and the possible loss of surplus funds to the state to be "too indirect and too remote to characterize it as a potential liability of the state treasury or to make the state the real, substantial party in interest.").

[10] 355 F.3d 1140, 1147 (9th Cir. 2004) (denying Eleventh Amendment immunity to a private contractor in part because there was no evidence that the state university that hired the contractor would have "a legal obligation to pay a judgment against" the contractor).

[11] Hudson, 174 F.3d at 683.

[12] 762 F.2d at 439 (focusing on state cases as a determinative inquiry under the Eleventh Amendment).

Bd.[13] NHIC has little discretion in executing its contract with the State; the State provides NHIC with specific instructions on how to pay Medicaid claims for the school-based health services that are at issue in this case. Yet, NHIC is an autonomous entity; the State neither appoints nor approves of NHIC's board of directors or its corporate officers. Cf. Delahoussaye v. City of New Iberia.[14] Moreover, to determine an entity's autonomy, this court is directed to look at the "'extent of the [entity's] independent management authority,' not just the independence of the individual [board members]." Jacintoport Corp.[15] As a private corporation, NHIC has the independent authority to make internal decisions about compensation and the authority to contract for needed services. Additionally, even if we were to conclude this factor weighed in favor of NHIC's immunity, control is not a dispositive factor. See Hess v. Port Auth. Trans-Hudson Corp.[16]

The fourth Clark factor, the entity's concern with "local, as opposed to statewide, problems,"[17] is also difficult to assess for a private corporation. The usual test is "whether

---

[13] 803 F.2d 129, 131-32 (5th Cir. 1986) (emphasizing school boards' discretion in "performing their functions and addressing their innately local concerns").

[14] 937 F.2d 144, 148 (5th Cir. 1991) (finding this factor points toward immunity when the state appoints members of the organization as well as supervises and manages the entity's functions).

[15] 762 F.2d at 442.

[16] 513 U.S. 30, 48 (1994) (explaining that "rendering control dispositive does not home in on the impetus for the Eleventh Amendment: the prevention of federal-court judgments that must be paid out of a State's treasury").

[17] Clark, 798 F.2d at 745.

the entity acts for the benefit and welfare of the state as a whole or for the special advantage of local inhabitants." Pendergrass.[18] In acting as Texas's claim administrator, NHIC demonstrates a concern for a statewide rather than local problem. But, of course, private corporations operate for the benefit of their investors, rather than the State. See generally TEX. BUS. CORP. ACT ANN. art. 13.06 § A (Vernon 2003); Dunagan v. Bushey.[19]

The last two Clark factors also weigh against granting immunity. NHIC has the "authority to sue and be sued in its own name" and may "hold and use property." Clark.[20]

We conclude that NHIC is not an arm of the State of Texas and is therefore not shielded by Eleventh Amendment immunity.

We observe, however, that several district courts have held NHIC to be an arm of the State of Texas. See Texas Hosp. Ass'n v. National Heritage Ins. Co.;[21] United States ex rel. Churchill v. Texas;[22] United States v. Mack;[23] St. Joseph Hosp. v. Elec. Data Sys.

---

[18] 144 F.3d at 347.

[19] 263 S.W.2d 148, 152 (Tex. 1953) ("The directors of a corporation stand in a fiduciary relationship to the corporation and its stockholders, and they are without authority to act as such in a matter in which a director's interest is adverse to that of the corporation.")

[20] 798 F.2d at 745.

[21] 802 F. Supp. 1507, 1512 (W.D. Tex. 1992).

[22] 2000 WL 33706360, at *6 (W.D. Tex. Nov. 15, 2000).

[23] 48 F. Supp.2d 708, 713-14 (S.D. Tex. 1999).

7

Corp.[24] These cases rely primarily on a combination of four arguments: (1) the requested

or ultimate relief in a given case would be an increased outlay of Medicaid funds which

would come directly from the State; (2) since some NHIC funds come from the State, the

judgment is inevitably paid by the State; (3) all fiscal intermediaries are immune under

Fifth Circuit precedent; and (4) NHIC's lack of discretion renders it an agent of the State.

We do not find these arguments to be persuasive.

First, some of the decisions rely in part on the fact that the relief requested by the

plaintiffs would involve an increased outlay of Medicaid funds coming directly from the

State. See Churchill;[25] see also Texas Hosp. Ass'n.[26] But, here, the requested damages

sought by Relators would not come from Medicaid outlays; those damages would be paid

by NHIC from its corporate funds.[27]

---

[24] 573 F. Supp. 443, 449-50 (S.D. Tex. 1983).

[25] 2000 WL 33706360 at *4.

[26] 802 F. Supp. at 1512.

[27] Both the Churchill and Texas Hospital Ass'n courts also assert that NHIC is entitled to immunity because a judgment against it would require Texas officials to take certain actions to comply with federal law. See Churchill, 2000 WL 33706360, at *5; Tex. Hosp. Ass'n, 802 F. Supp. at 1512. But, under the doctrine of Ex parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits seeking to compel state officers to comply prospectively with the requirements of federal law, even when the costs of those prospective compliance efforts could be quite high. See Quern v. Jordan, 440 U.S. 332, 337 (1979). Thus, even if we were to treat NHIC like a state official (as it maintains we should do), established principles of state-sovereign immunity would permit an award of relief affecting the future administration of Texas's Medicaid program.

A second (related) line of reasoning contends that NHIC should be granted immunity simply because it might use funds earned through its contract with the State to pay any damages award. Churchill;[28] Mack.[29] Accepting this argument would convert all private contractors, not just fiscal intermediaries, into immune agents whenever they are doing work for the State. In addition, as we explained above, the prospective impact on the state's treasury is not the same as the Clark inquiry into direct implications for the state fisc.

Another ground offered in favor of immunity relies on Fifth Circuit precedent where Medicare fiscal intermediaries are entitled to federal immunity.[30] See Matranga v. Travelers Ins. Co.;[31] Peterson v. Blue Cross/Blue Shield of Texas;[32] Peterson v. Weinberger.[33] In Weinberger (the case on which Matranga and Blue Cross/Blue Shield depend), the fiscal intermediaries in question were governed by regulations that provided that "[i]n the performance of their contractual undertakings, the carriers act on behalf of

---

[28] 2000 WL 33706360 at *5.

[29] 48 F. Supp. 2d at 713 ("[A]n award of damages against NHIC would be paid out of funds NHIC receives from the State of Texas. Put another way, NHIC would not be in a position to be sued by [plaintiff] if it was not paid by the State of Texas to run the state's Medicaid program.")

[30] This view is taken in Mack, 48 F. Supp. 2d at 713-14; Texas Hosp. Ass'n, 802 F. Supp. at 1512; St Joseph's Hosp., 573 F. Supp. at 450.

[31] 563 F.2d 677, 677 (5th Cir. 1977) (per curiam).

[32] 508 F.2d 55, 57-58 (5th Cir. 1975).

[33] 508 F.2d 45, 51-52 (5th Cir. 1975).

9

the Secretary, carrying on for him the administrative responsibilities imposed by law. The Secretary, however, is the real party in interest in the administration of the program . . . ." 20 C.F.R. § 405.670 (1973) (emphasis added). There is no similar state regulation here to make Texas the real party in interest in this suit against NHIC, a Medicaid fiscal intermediary.

Two district court cases rely on a fourth rationale, holding that, since NHIC lacked discretion and acted as an "agent of the state," it should be immune. Texas Hosp. Ass'n;[34] St Joseph's Hosp.[35] NHIC presses this reasoning, arguing that it should be immune from damages just like a state agent or a state employee sued in her official capacity. We are not persuaded. An individual state officer sued in her official capacity for damages is entitled to Eleventh Amendment immunity precisely because the state that employs her is the real party in interest. But, when an entity (as opposed to an individual) is the defendant, the Clark analysis conducted above is designed specifically to determine whether a suit against that entity is, in fact, one against the state itself. See Daniel, Mann,

---

[34] 802 F. Supp. at 1512.

[35] 573 F. Supp. at 450.

<u>Johnson & Mendenhall</u>.[36] And, here, that analysis reveals that Texas is not the real party in interest in Relators' action against NHIC.[37]

Nevertheless, NHIC urges us to follow the Eleventh Circuit's decision in <u>Shands Teaching Hospital & Clinics, Inc. v. Beech Street Corp.</u>[38] <u>Shands</u> held that Eleventh Amendment immunity precluded a hospital's state-law claims against two private contractors – an administrator for Florida's employee health plan and a managed-care company that maintained a preferred-provider network for the plan – for declaratory relief and damages.[39] Although the court "found no case directly on point that has accorded Eleventh Amendment immunity to a private corporation," it granted the defendants immunity nonetheless, relying on cases extending federal sovereign immunity to <u>Medicare</u> fiscal intermediaries.[40] Further, the court emphasized that the contract

---

[36] 355 F.3d at 1147 (holding that the "arm of the state" test for sovereign immunity is the proper analysis to be undertaken in determining whether a private contractor is immune from suit under False Claims Act).

[37] We also note that performance of state functions alone is insufficient to create immunity. Indeed, the Supreme Court has demonstrated its willingness to allow disparate treatment for state and private employees performing the same functions. <u>See</u> <u>Richardson v. McKnight</u>, 521 U.S. 399, 413 (1997) (holding that employees of private prisons are not entitled to qualified immunity in § 1983 suits, even though employees of state-run prisons do enjoy that immunity). While <u>Richardson</u> was concerned with the lack of governmental control over private prisons, the Court stressed that the bar against suing individuals in their official capacities is designed to protect the state as the real party in interest.

[38] 208 F.3d 1308 (11th Cir. 2000).

[39] <u>Id.</u> at 1312-13.

[40] <u>Id.</u> at 1311. For the reasons discussed above, such cases are inapposite here.

11

between the hospital and the State, under which the hospital agreed to provide care for state employees, "expressly provides that the penalty for the failure to reimburse claims within thirty days is payment of the full amount of the claims. Such payment for medical services rendered is an obligation of the state."[41] Thus, in Shands, Florida would have been legally liable for any judgment rendered. By contrast, NHIC has not shown that Texas would bear any legal liability for any damages assessed against NHIC in this case.

Because NHIC has not shown that Texas would be subject to any legal liability for any damages assessed against it, we reverse the district court's judgment granting NHIC's motion to dismiss based on Eleventh Amendment immunity.

REVERSED and REMANDED.

---

[41] Id. at 1313.