IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-20414

UNITED STATES OF AMERICA, ex rel., RAMESH GUDUR,

Plaintiff–Appellant,

v.

DELOITTE & TOUCHE; NATIONAL HERITAGE INSURANCE COMPANY,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:00-CV-1169

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ramesh Gudur, as relator for the United States, sued Deloitte & Touche (Deloitte) and National Heritage Insurance Company (NHIC) under the qui tam provisions of the False Claims Act (FCA).[1] In 2002, the district court dismissed NHIC. Later, the district court granted Deloitte's motion for summary judgment and denied Gudur's motions for partial summary judgment. Gudur appeals, and we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 31 U.S.C. § 3729 et seq.

I

Several years after the Texas Department of Health (TDH) terminated Gudur, he brought this lawsuit under the FCA and alleged that Deloitte, TDH, and approximately 900 Texas school districts conspired to defraud the government by inflating reimbursement rates for services rendered to Medicaid-eligible students under the Student Health and Related Services (SHARS) program. During the years of litigation, the district court dismissed NHIC and granted Deloitte summary judgment.

Gudur now appeals and argues that (1) the district court improperly granted summary judgment; (2) the district court erred in excluding Gudur's expert, Peter Figliozzi, and his Second Supplemental Expert Report; and (3) the district court improperly dismissed NHIC.

II

We review de novo the district court's grant of summary judgment.[2] Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3] We resolve any doubts and draw all reasonable inferences in the nonmoving party's favor.[4]

A

Gudur alleges violations of 31 U.S.C. § 3729(a)(1)-(3). Those provisions of the FCA impose liability on any person who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a

---

[2] Rodriguez v. ConAgra Grocery Prods. Co., 436 F.3d 468, 473 (5th Cir. 2006).

[3] FED. R. CIV. P. 56(c).

[4] Rodriguez, 463 F.3d at 473.

false or fraudulent claim for payment or approval,"[5] "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government,"[6] or "conspires to defraud the Government by getting a false or fraudulent claim allowed or paid."[7] A person acts knowingly if he "(1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information."[8]

Without the expert report, Gudur lacks evidence establishing falsity as the district court discussed in its thorough opinion and order. Moreover, even with the report, Gudur has presented no evidence establishing "knowledge," an element of all three FCA sections that Gudur alleges Deloitte violated. Nor has Gudur presented evidence establishing the intent both § 3729(a)(2) and (3) require. In Allison Engine Co. v. United States ex rel. Sanders, the Supreme Court held that § 3729(a)(2) requires proof that the defendant intended that "the false record or statement be material to the Government's decision to pay or approve the false claim"[9] and that § 3729(a)(3) requires proof that "the conspirators intended to defraud the Government."[10]

Gudur essentially argues that evidence of a regulatory violation coupled with Deloitte's profit motive is sufficient to create a fact issue as to knowledge and intent. The FCA is an anti-fraud statute and not the appropriate vehicle for

---

[5] 31 U.S.C. § 3729(a)(1).

[6] Id. § 3729(a)(2).

[7] Id. § 3729(a)(3).

[8] Id. § 3729(b)(1)-(3).

[9] 128 S. Ct. 2123, 2126 (2008).

[10] Id. at 2130 (internal quotation marks omitted).

policing regulatory compliance.[11] Gudur's argument, if accepted, would collapse the FCA into such a vehicle and eviscerate the knowledge and intent elements—one of which the Supreme Court has just detailed in Allison Engine. Surely the Court would not have expended the time to elucidate the intent element if simply presenting evidence as to the falsity element sufficed.

Since summary judgment was appropriate even with Figliozzi's expert report and testimony, we do not address in detail the district court's order to exclude Figliozzi as a witness and strike his Second Supplemental Expert Report—though a review of the district court's detailed order demonstrates no abuses of discretion.

B

Gudur argues he alleged three claims against NHIC, two of which were dismissed due to the FCA's public-disclosure bar.[12] The third claim, Gudur argues, was dismissed on sovereign immunity grounds. Since this court subsequently held NHIC was not entitled to sovereign immunity in a different FCA case,[13] Gudur contends the third claim was improperly dismissed. Gudur's complaint pleaded no specific acts of NHIC with respect to the third claim and in fact alleged specific facts only against other defendants by name. He argues that he alleged the third claim against NHIC because he occasionally used the generic term "defendants." Given the heightened pleading requirements for

---

[11] United States v. Southland Mgmt. Corp., 326 F.3d 669, 682 (5th Cir. 2003) (en banc) (Jones, J., concurring) (citing United States ex rel. Lamers v. City of Green Bay, 168 F.3d 1013, 1019 (7th Cir. 1999)).

[12] 31 U.S.C. § 3730(e)(4)(A).

[13] United States ex rel. Barron v. Deloitte & Touche, L.L.P., 381 F.3d 438, 442 (5th Cir. 2004).

4

fraud actions[14] and our precedent,[15] we do not find Gudur's argument persuasive that his pleading properly alleged the third claim against NHIC.

\* \* \*

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment and its dismissal of NHIC.

---

[14] FED. R. CIV. P. 9(b).

[15] See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999) ("Griggs'[s] original and amended petitions name Lark Blum as a defendant, but allege no actionable facts specific to Blum. The only factual allegation even mentioning Blum merely states that 'Defendants [sic], through its local agent, Lark Blum issued an insurance policy.' The remainder of Griggs'[s] pleadings refer to conduct by the 'Defendants' that can in no way be attributed to Blum. . . . We cannot say that Griggs'[s] petition, which mentions Blum once in passing, then fails to state any specific actionable conduct on her part whatsoever, meets even the liberalized requirements that permit notice pleading." (second alteration in original)).